FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

08/21/2015 9:58:50 AM

KEITH E. HOTTLE
Clerk

# EXHIBIT 1
# DECREE OF DIVORCE

FILED FOR RECORD
At 1:48 o'clock P M

APR 15 2015

MARICELA G. GONZALEZ
District Clerk, Dimmit County, Texas
By _____ Deputy

CAUSE NO. 14-09-12373-DCVAJA

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF: | § | |
| | § | |
| KATHRYN LYNN HAWKINS-SAB | § | 365TH JUDICIAL DISTRICT |
| AND | § | |
| DAVID S. SAB | § | |
| | § | DIMMIT COUNTY, TEXAS |

## FINAL DECREE OF DIVORCE

On April 15, 2015, the Court heard this case.

APPEARANCES

Petitioner, KATHRYN LYNN HAWKINS-SAB appeared in person and announced ready for trial.

~~Respondent, DAVID S. SAB, appeared in person and announced ready for trial.~~ *Klit*

Respondent, DAVID S. SAB, although having been notified of the final trial date during the final pretrial hearing and subsequently in writing by the Court, failed to appear and wholly made default.

A record of the proceedings was taken by the official reporter of the Court.

JURISDICTION AND DOMICILE

The Court finds the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed. The Court finds Petitioner has been a domiciliary of Texas for at least a six-month period preceding the filing of this action and a resident of the county in which this

1

suit is filed for at least a ninety-day period preceding the filing of this action. All persons entitled to citation were properly cited or waived the issuance of citation. ~~As evidenced by their signatures, this decree is being entered with the agreement and consent of the parties.~~    *KLH*

## JURY

A jury was waived, and all questions of fact and of law were submitted to the Court.

## DIVORCE

IT IS ORDERED AND DECREED that **KATHRYN LYNN HAWKINS-SAB**, Petitioner, and **DAVID S. SAB**, Respondent, are divorced and that the marriage between them is dissolved on the grounds that Respondent is guilty of cruel treatment toward Petitioner of a nature that renders further living together unsupportable.


## SEPARATE PROPERTY

### Kathryn Lynn Hawkins-Sab's Separate Property

The Court after having heard the evidence presented and after considering said evidence, HEREBY FINDS that the property described below and owned by Petitioner KATHRYN LYNN HAWKINS-SAB is her separate property and was acquired by her before marriage or during the marriage by gift, devise and descent. Based on said evidence, the Court FURTHER FINDS that KATHRYN LYNN HAWKINS-SAB owns and possesses the property described below as her sole and separate property and FURTHER FINDS that Respondent, DAVID SAB, has no claim or interest in said property.

Accordingly, IT IS ORDERED ADJUDGED AND DECREED that the following property is confirmed as the separate Property of KATHRYN LYNN HAWKINS-SAB.

2

| W-1.  Real Property: | Net Value |
|---|---|
| 227 PR 1501, Bandera, Texas 78003, Subject to a note for $46,283.75 | <$ 7,500.00> |

W-2   Personal Property in **Petitioner's Possession:**

**Horses:**

| | |
|---|---|
| 1.  Horse "Slat" | $   2,500.00 |
| 2.  Horse "Frank" | $   8,000.00 |
| 3.  Horse "Hawk" | $   5,000.00 |
| 4.  Horse "ZZEES POCO DOT BIKINI" (The net sales proceeds held in trust) | $   7,000.00 |

**Personal Items:**

| | |
|---|---|
| 1.  Small turquoise ice cream table | $        50.00 |
| 2.   3 Plastic Racing Barrels | $        25.00 |
| 3.  Gun cabinet | $        20.00 |
| 4.  2 Plastic workout steps | $         6.00 |
| 5.  Dog kennel | $        10.00 |
| 6.  Small dog panels | $         8.00 |
| 7.  .12 ga. Benneli Shotgun | $       900.00 |
| 8.   Golf Clubs | $        85.00 |
| 9.  4 Planters | $        40.00 |
| 10.  Metal cart | $        30.00 |
| 11.  12 ga. Benelli Cammo | $       900.00 |
| 12.  Deep freezer | $       100.00 |
| 13.  Sheets | $         3.00 |

| | | |
|---|---|---|
| 14. Small kitchen utensils, appliances, dishware | $ | 33.00 |
| 15. Lamp | $ | 5.00 |
| 16. Painting from Jack Feagan | $ | 200.00 |
| 17. Small tools (shovel drill, etc.) | $ | 25.00 |
| 18. Dog leashes, grooming items | $ | 15.00 |
| 19. Cast iron dutch oven | $ | 10.00 |
| 20. 1995 Elite LS Horse Trailer (VIN:1F9WG1727S0175142) (Lic. Plate No. DWFX81) | $ | 5,000.00 |
| 21. .20 Gauge Remington | $ | 200.00 |
| 22. 25.06 Ruger rifle | $ | 300.00 |
| 23. DVD player | $ | 10.00 |
| 24. Wedding dress | $ | 100.00 |
| 25. Turquoise armoire and dresser | $ | 300.00 |
| 26. 6-8ft extension cord | $ | 10.00 |
| 27. Riding saddle (15 inch) | $ | 200.00 |
| 28. Barrel Saddle (13.5 inch) | $ | 500.00 |
| 29. Team roping saddle (14 inch) | $ | 500.00 |
| 30. 5 Pictures | $ | 20.00 |
| 31. Dishes, pots and pans | $ | 50.00 |
| 32. 5 Candle holders | $ | 20.00 |
| 33. Fireplace tools | $ | 5.00 |

W-3.   PERSONAL PROPERTY OF PETITIONER UNDER CONTROL OF RESPONDENT (AT HARVEY BRINKMAN'S OFFICE).

| | | |
|---|---|---|
| a. Desk | $ | 300.00 |
| b. 2 Office Chairs | $ | 100.00 |
| c. 2 Filing Cabinets with personal documents | $ | 40.00 |
| d. Cowhide couch, 2 cowhide chairs, 2 cowhide footstools | $ | 1,600.00 |
| e. Printer/copier/fax | $ | 60.00 |

DAVID S. SAB IS HEREBY ORDERED to immediately execute Exhibit A and immediately return the same to KATHRYN LYNN HAWKINS-SAB to facilitate the release of KATHRYN LYNN HAWKINS-SAB's separate property from Harvey Brinkman to Petitioner.

David Sab's Separate Property

The Court after having heard the evidence presented and after considering said evidence, HEREBY FINDS that the following property owned by, Respondent DAVID S. SAB is his separate property and was acquired by him before marriage or during the marriage by gift, devise and descent.  Based on said evidence, the Court FURTHER FINDS that DAVID S. SAB owns and possesses the following property as his sole and separate property and FURTHER FINDS that Petitioner, KATHRYN LYNN HAWKINS-SAB, has no claim or interest in said property.

Accordingly, IT IS ORDERED ADJUDGED AND DECREED that the following property is confirmed as the separate Property of Respondent DAVID S. SAB:

5

## H-1   Personal Property:

| | | |
|---|---|---:|
| 1. | Three Horse Trailer with Living Quarters | $ 20,000.00 |
| 2. | 3 Pans | $ 5.00 |
| 3. | Yellow Jeep | $ 1,500.00 |
| 4. | Couch | $ 100.00 |
| 5. | Coffee table | $ 150.00 |
| 6. | Sofa chair | $ 100.00 |
| 7. | Sofa stool | $ 50.00 |
| 8. | Kitchen table and 4 chairs | $ 150.00 |
| 9. | Kitchen hutch | $ 150.00 |
| 10. | Wooden trash can | $ 20.00 |
| 11. | Red wood heart bench | $ 10.00 |
| 12. | Team roping saddle (16 inch) | $ 2,500.00 |
| 13. | Three Pictures | $ 150.00 |
| 14. | Picnic Table | $ 150.00 |
| 15. | 4-Wheeler (Blake) | $ 4,500.00 |
| 16. | Rods, Reels, Tackle (Blake) | $ 800.00 |
| 17. | Rifle (Blake) Unknown brand, 25-06 caliber, with scope | $ 900.00 |
| 18. | 1998 (+/-) Tan Chevy ½ ton pickup truck | $ 6,000.00 |
| 19. | Deer Skull and White Tail Mounts | $ 1,200.00 |
| 20. | Tack, blankets, saddle pads, ropes tools | $ 2,500.00 |

6

21.  PROSOUTH CONSTRUCTION'S PERSONAL PROPERTY/FIXED ASSETS:

| | |
|---|---|
| a.  Welding tips, rods, tools | $      800.00 |
| b.  Commercial Level | $        75.00 |
| c.  2 Fire extinguishers | $      400.00 |
| d.  Rake and shovel | $        80.00 |
| e.  3 One Ton Flatbed Trucks (2013 White Ford Crew Cab, Tan Chevy Duramax and Charcoal Gray Dodge) | $ 90,000.00 |
| f.  Dodge Dually Truck (Silver - Gustavo Drives) | $ 40,000.00 |
| g.  2 Flatbed Gooseneck Trailers (Black and White) *2005 C+M  VIN: ICABC18225TO31023* | $   6,500.00  *KLH* |
| h.  Four fuel tanks with pumps | $   6,000.00 |
| i.  Oilfield tools (shovels, hoes, drillers, etc.) | $   2,500.00 |
| j.  Tools (fence equipment, generator, compressor, picks, etc.) | $   3,500.00 |
| k.  Miscellaneous tools in each work truck | $   5,000.00 |
| l.  Welder | $ 12,000.00 |
| m.  Commercial Generator | $   3,000.00 |
| n.  Commercial Pressure Washer with trailer | $   4,500.00 |
| o.  Equipment kept in storage shed | $ 15,000.00 |
| p.  Air Compressor | $   1,000.00 |

DIVISION OF MARITAL ESTATE

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party. The Court further finds Petitioner should be awarded a disproportionate share of the parties' estate for the following reasons:

a.  Respondent's fault in the breakup of the marriage;

7

b. Fraud on the community estate committed by Respondent;

c. Benefits Petitioner as the innocent spouse may have derived from the continuation of the marriage;

d. DAVID S. SAB's far superior earning power above that of KATHRYN LYNN HAWKINS-SAB demonstrating the disparity of earning power of the spouses and their ability to support themselves;

e. The total community indebtedness and liabilities created by Respondent DAVID S. SAB and the legal responsibilities for those having in large part fallen upon Petitioner KATHRYN LYNN HAWKINS-SAB;

f. The abundant earning power, business opportunities, capacities, and abilities of the Respondent DAVID S. SAB compared to the poor earning power, business opportunities, capacities and abilities of Petitioner KATHRYN LYNN HAWKINS-SAB;

g. The increase in value of Respondent DAVID S. SAB's separate property through community efforts by time, talent, labor and effort;

h. Excessive community property gifts by Respondent DAVID S. SAB to Respondent's family;

i. Attorney's fees paid and to be paid;

j. Respondent's fraud and constructive fraud upon Petitioner and the community estate;

k. Petitioner's physical pain and emotional suffering because of Respondent's behavior; and

l. Respondent's mental abuse of Petitioner.

Community Property to Husband

IT IS ORDERED AND DECREED that the husband, **DAVID S. SAB**, is awarded the following as his sole and separate property, and the wife KATHRYN LYNN HAWKINS-SAB, subject to the equitable lien created herein, is divested of all right, title, interest, and claim in and to that property:

8

H-1.   All clothing and personal effects in the possession of the husband or subject to his sole control;

H-2.   Respondent failed to file or exchange a sworn inventory as agreed by the parties and as Ordered by the Court. This Decree of Divorce and the Orders contained herein are prepared based upon Petitioner Kathryn Lynn Hawkins-Sab preparing an inventory and appraisement as agreed by the parties and ORDERED by the Court. The Court finds Petitioner Kathryn Lynn Hawkins-Sab has listed all property which is known to her and finds Respondent David S. Sab has failed to identify all of his assets. Moreover, Respondent failed to comply with the temporary orders and supplemental temporary orders of the Court by failing to add Petitioner to the signature card of any new bank accounts after the closing of the accounts originally held by the parties individually and in a corporate capacity at the Guadalupe National Bank in Kerrville, Texas. The Court retains jurisdiction of this matter to divide Respondent's bank accounts, cash and jewelry and any subsequently discovered assets which were not disclosed by Respondent.

### H-3   PROPERTY LEFT IN RESPONDENT'S CONTROL DURING TEMPORARY ORDERS

**Household Items:**

**Bedroom:**

| | | |
|---|---|---|
| 1. King sized bed (headboard and footboard) | $ | 700.00 |
| 2. 2 Dressers | $ | 500.00 |

**Kitchen:**

| | | |
|---|---|---|
| 1. Red hutch | $ | 100.00 |
| 2. Red table and 4 chairs | $ | 50.00 |

9

| | |
|---|---|
| 3. Glasses | $ 25.00 |
| 4. Cuisinart Deluxe Coffee Maker | $ 100.00 |

**Miscelleneous Items:**

| | |
|---|---|
| 1. White laptop | $ 500.00 |
| 2. Black laptop | $ 500.00 |
| 3. Apple Desktop | $ 2,000.00 |
| 4. Brother Printer | $ 50.00 |

**Outdoor Equipment:**

| | |
|---|---|
| 1. Metal horse trough | $ 50.00 |
| 2. 3 Deer blinds and 3 deer feeders | $ 3,900.00 |
| 3. Metal/tin | $ 400.00 |
| 4. Welder secured from Steve Small | $ 5,000.00 |
| 5. T-Posts, sheet metal | $ 800.00 |
| 6. 2 Aluminum round bale holders | $ 300.00 |
| 7. Rolls of 6ft and 8ft fence | $ 1,500.00 |
| 8. Black Gooseneck 30 Ft (+/-) with materials and tools | $ 5,000.00 |
| 9. Fred Loya Insurance Check | $ 4,000.00 |
| 10. Chains and Booms | $ 200.00 |
| 11. Waterfall (With pump) | $ 150.00 |
| 12. 3 Ladders | $ 50.00 |

**Vehicles:**

1. 1994 Chevy Truck (at Vincent Automotive)

   VIN#1GCEK19KXRE183143, License Plate No. 1JW007)    $   2,900.00

2. Flatbed bought for Chevy Duramax    $   1,800.00

3. Ranch Jeep (With Petitioner - no title?)    $   3,500.00

**Miscellaneous items:**

1.  Head Stalls    $      250.00

2.  Horse water pans/5 gallon jugs    $       75.00

3.  Leg Wraps    $      400.00

4.  Team Roping Ropes    $      350.00

5.  Horse Medications    $      350.00

6.  Saddle Blankets    $      450.00

7.  Spurs    $       75.00

8.  Bell Boots    $       50.00

9.  Winter Horse Blankets    $      100.00

10.   Tire Changing Equipment    $       75.00

H-4.   Personal property Inside horse trailer living quarters.
1.  Mattress    $      150.00

2. Flat Screen TV with DVD Player    $      150.00

3. Comforter/Quilt    $      100.00

4. Towels, sheets, blankets    $      100.00

6. Space heater    $       45.00

H-5.   All property listed in the Attached Exhibit B.

<u>Community Property to Wife</u>

IT IS ORDERED AND DECREED that the wife, **KATHRYN LYNN HAWKINS-SAB**, is awarded the following as her sole and separate property, and the husband DAVID SAB is divested of all right, title, interest, and claim in and to that property:

W-1    All clothing, jewelry, and other personal effects in the possession of the wife or subject to her sole control;

W-2.    All sums of cash in the possession of the wife or subject to her sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the wife's sole name or from which the wife has the sole right to withdraw funds or which are subject to the wife's sole control.

W-3    **COMMUNITY ESTATE UNDER CONTROL OF PETITIONER DURING TEMPORARY ORDERS**

**Household Items:**

**Living Room:**

| | | |
|---|---|---|
| 1.  1 small flat screen T.V. | $ | 100.00 |
| 2.  2 Large flat screen T.V. | $ | 450.00 |

**Bedroom:**

| | | |
|---|---|---|
| 1.  Queen bed | $ | 500.00 |

**Laundry Room:**

| | | |
|---|---|---|
| 1.  Washer | $ | 100.00 |
| 2.  Dryer | $ | 75.00 |

12

**Kitchen:**

1. Refrigerator                                                   $    200.00

**Miscelleneous Items:**

1. Christmas decorations                                          $     25.00

**Outdoor Equipment:**

1. Saddle blanket                                                 $     20.00

2. BBQ Pit                                                        $     60.00

3. 2 Water hoses                                                  $     20.00

4. Metal hanging hay rack and feeder                             $    100.00

5. 21 Panels                                                      $    700.00

6. 3 Gates                                                        $    100.00

7. 4 Wheeler Mule-Kawasaki 3010                                  $  3,000.00

8. Bulldogging saddle                                            $  3,000.00

9. 3 Black water buckets                                         $     20.00

**Vehicles:**

1. 2013 Dodge (License Plate No. CYB3874)                        $  1,000.00

**Weapons:**

1. Stag Arms 5.56 mm Model Stag-15 rifle                         $  1,000.00       *KLH*
2. The 9 mm. Beretta pistol

W-4. The Court ORDERS a $ _6,190.00_ cash judgment payable by       *KLH*

Respondent DAVID S. SAB to KATHRYN LYNN HAWKINS-SAB to equalize the division of

the marital estate and liabilities awarded to the respective parties. Said amount is awarded to

13

KATHRYN LYNN HAWKINS-SAB and is hereby reduced to judgment against DAVID S. SAB, bearing interest at 5.0% per annum from the date of the entry of this decree until paid in full, for which execution is hereby ORDERED to issue upon the request of Petitioner if not timely paid as ORDERED herein. This portion of the amounts adjudged against Respondent DAVID S. SAB and in favor of Petitioner KATHRYN LYNN HAWKINS-SAB shall be paid in equal monthly installments of $500.00 beginning on ~~May~~ June 1, 2015 and continuing regularly *KLH* thereafter on the first (1st) day of each succeeding calendar month until all amounts adjudged, plus all accrued interest thereon are paid in full. The Court hereby imposes an equitable lien upon Respondent David S. Sab's personal property to secure payment of this obligation to Petitioner Kathryn Hawkins-Sab. The Court specifically finds that the value of the community estate was intentionally reduced during the pendency of this action by Respondent David S. Sab by secreting assets, by destroying assets, by diverting assets to ProSouth Construction, Inc. and by expending excessive sums of cash in violation of the temporary orders and supplemental orders issued by the Court. The judgment awarded in this paragraph further serves to equalize the liability of the parties given the contractual liabilities which KATHRY LYNN HAWKINS-SAB faces as a result of the actions taken by Respondent prior to separation and during the course of these proceedings.

W-5. The Court ORDERS a judgment of $ _64,250.00_ payable by Respondent *KLH* DAVID S. SAB to Petitioner KATHRYN LYNN HAWKINS-SAB for actual damages sustained by KATHRYN LYNN HAWKINS-SAB as a result of DAVID S. SAB's breach of his fiduciary duty to Petitioner and her interests in the community estate. Said amount is to be reduced to judgment against DAVID SAB, bearing interest at 5.0% per annum from the date of the entry of

14

this decree until paid in full, for which execution is hereby ordered to issue if not timely paid.
This portion of the amounts adjudged against DAVID SAB and in favor of KATHRYN LYNN
HAWKINS-SAB shall be paid in equal monthly installments of $500.00 beginning on ~~June 1~~, _September 1,_
2015 and continuing regularly thereafter on the first (1st) day of each succeeding calendar month
until all amounts adjudged, plus all accrued interest thereon are paid in full. The Court hereby
imposes an equitable lien upon Respondent David Sab's personal property to secure payment of
this obligation to Petitioner Kathryn Hawkins-Sab.

W-6.    The Court hereby awards a judgment of $ _Denied_ against
Respondent DAVID S. SAB and in favor of Petitioner KATHRYN LYNN HAWKINS-SAB for
exemplary damages for DAVID SAB's breach of his fiduciary duty and fraud perpetrated upon
Petitioner and her interests in the community estate. Said amount is to be reduced to judgment
against DAVID S. SAB, bearing interest at 5.0% per annum from the date of the entry of this
decree until paid in full, for which execution is hereby ordered to issue if not timely paid. This
portion of the amounts adjudged against DAVID S. SAB and in favor of KATHRYN LYNN
HAWKINS-SAB shall be paid in equal monthly installments of $500.00 beginning on July 1,
2015 and continuing regularly thereafter on the first (1st) day of each succeeding calendar month
until all amounts adjudged, plus all accrued interest thereon, are paid in full. The Court hereby
imposes an equitable lien upon Respondent David S. Sab's personal property to secure payment
of this obligation to Petitioner Kathryn Lynn Hawkins-Sab and the Court finds the amounts
awarded to Kathryn Lynn Hawkins-Sab and against David S. Sab are awarded in this decree
because David S. Sab was a fiduciary to Petitioner under state law and David S. Sab committed
fraud upon Petitioner and Petitioner's interests in the community estate, are awarded as

15

compensation for actual damages sustained by Petitioner because of the willful injuries inflicted upon Petitioner Kathryn Lynn Hawkins-Sab by Respondent David S. Sab and to compensate Petitioner Kathryn Lynn Hawkins-Sab for debts incurred by Respondent David S. Sab in the course of this divorce, in connection with the temporary orders and separation agreement and in connection with this decree of divorce.

W-7   The Court hereby awards a judgment of $ _Denied_ against _KLH_ Respondent DAVID S. SAB and in favor of Petitioner KATHRYN LYNN HAWKINS-SAB for damages damages sustained because of DAVID S. SAB's assaults upon Petitioner KATHRYN LYNN HAWKINS-SAB. Said amount is to be reduced to judgment against DAVID S. SAB, bearing interest at 5.0% per annum from the date of the entry of this decree until paid in full, for which execution is hereby ordered to issue if not timely paid. This portion of the amounts adjudged against DAVID S. SAB and in favor of KATHRYN LYNN HAWKINS-SAB shall be paid in equal monthly installments of $500.00 beginning on September 1, 2015 and continuing regularly thereafter on the first (1st) day of each succeeding calendar month until all amounts adjudged, plus all accrued interest thereon, are paid in full. The Court hereby imposes an equitable lien upon Respondent David S. Sab's personal property to secure payment of this obligation to Petitioner Kathryn Lynn Hawkins-Sab and the Court finds the amounts awarded to Kathryn Lynn Hawkins-Sab and against David S. Sab are awarded in this paragraph as compensation for actual damages sustained by Petitioner because of the willful injuries inflicted upon Petitioner Kathryn Lynn Hawkins-Sab by Respondent David S. Sab.

W-8.   The following property is currently in the possession of Respondent DAVID SAB and is to be delivered to Petitioner KATHRYN LYNN HAWKINS-SAB on April 18, 2015

16

and such property shall be delivered with all ownership or title documents, keys and accessories in the same condition which the property was in while at the parties' residence, normal wear and tear excepted.

1. Horses

    A. "Peppy" — $ 12,000.00

    B. Bob — $ 3,000.00

    C. Nitro — $ 12,000.00

    D. Hank — $ 9,500.00

2. Blue 2002 Dodge with fuel tank (Carrizo Springs) — $ 4,500.00 *KLH*
   3B7MC33662M357710

3. 2012 Dodge Truck (VIN#3C63DRKLXCG160939)

(License Plate No. BY29917) Paid $46,000.00 Cash — $ 30,000.00

4. 1997 Dodge Truck (VIN#3B7KC23DXVM588066)

(License Plate No. BR77817) Blake — $ 6,000.00

5. Air Compressor — $ 1,000.00

6. Flatbed Bumper Pull Trailer (*1991 Parker Haul Trailer*) — $ 3,500.00 *KLH*

7. Bobcat Trailer — $ 4,000.00

8. Skid Steer "Bobcat" with all attachments (auger, bucket, forks) — $ 18,000.00

9. Generator for trailer — $ 2,000.00

10. Case Backhoe — $ 20,000.00

W-9 The following firearms are in Petitioner's possession and are awarded to Petitioner KATHRYN LYNN HAWKINS-SAB. Respondent DAVID S. SAB is divested of all right, title and interest in such property.

17

1. Mossberg 12 ga. 28 inch shotgun with duct tape $ 200.00

2. A. Rossi .410 ga. S41 SR031253 $ 300.00

3. Ruger 7 mm mag. Rifle with Bushnell Scope 771-20945 $ 400.00

4. Remington Model 700 30.06 Rifle B6336293 with Simmons Scope $ 600.00

5. Black Benelli Nova Pump Action .12 ga. Shotgun V305541 $ 700.00

6. 12 Gauge Shotgun $ 600.00

7. 9mm Beretta $ 300.00

*KLH*

## ATTORNEYS FEES

Respondent DAVID S. SAB is ordered to reimburse Petitioner KATHRYN LYNN HAWKINS-SAB $ *36,425.00* for attorneys fees, expenses and court costs incurred *KLH* in this matter. Said amount is to hereby reduced to judgment against DAVID S. SAB and in favor of Petitioner KATHRYN LYNN HAWKINS-SAB, bearing interest at 5.0% per annum from the date of the entry of this decree until paid in full, for which execution is hereby ordered to issue upon the request of Petitioner if not timely paid. This portion of the amounts adjudged against DAVID SAB and in favor of KATHRYN LYNN HAWKINS-SAB shall be paid in equal monthly installments of $500.00 beginning on December 1, 2015 and continuing regularly thereafter on the first (1st) day of each succeeding calendar month until all amounts adjudged, plus all accrued interest thereon. The Court hereby imposes an equitable lien upon Respondent David S. Sab's personal property to secure payment of this obligation to Petitioner Kathryn Lynn Hawkins-Sab and the Court finds the amounts awarded to Kathryn Lynn Hawkins-Sab and against David S. Sab are awarded in this paragraph to compensate Petitioner Kathryn Lynn

18

Hawkins-Sab for debts incurred in the course of this divorce, in connection with the temporary orders and separation agreement and in connection with this decree of divorce.

THE COURT HEREBY ORDERS that all property awarded to Petitioner and currently in the possession of Respondent is to be delivered to KATHRYN LYNN HAWKINS-SAB at the location designated by KATHRYN LYNN HAWKINS-SAB at a distance no greater than 30 miles from Petitioner's residence. THE COURT HEREBY ORDERS that all property in the possession of Petitioner which is to be delivered to DAVID S. SAB shall be delivered no later than 1:00 p.m. on May 15, 2015 at a location designated by DAVID S. SAB within thirty (30) miles of Bandera, Texas if Respondent has complied with the Order of the Court concerning the delivery of personal property to Petitioner on April 18, 2015.

DIVISION OF DEBT

Debts to Husband

IT IS ORDERED AND DECREED that the husband, **DAVID S. SAB**, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items

H-1. All debts, credit cards and other obligations solely in Respondent's name.

H-2 The following debts, charges, liabilities, and obligations:

a. All debts and obligations incurred by Husband after September 14, 2015, *KLH* including the Texas Toll Road bills.

H-3 All debts associated with the business known as ProSouth Construction, Inc., including all amounts due to the Internal Revenue Service and all debts of ProSouth Construction, Inc. which were personally guaranteed by the parties or

19

for which the parties may be found to have bee personally liable because of any *ultra vires* acts committed by DAVID S. SAB.

H-4    The continued obligation of Respondent to continue to pay health insurance for Petitioner until _Denied_.       . If the current health    *KLH* insurance coverage is terminated by the carrier, Petitioner may secure her own health insurance coverage and Respondent is ordered to timely pay all health insurance premiums directly to the carrier until _Denied_       .    *KLH*

<u>Debts to Wife</u>

IT IS ORDERED AND DECREED that the wife, **KATHRYN LYNN HAWKINS-SAB**, shall pay, as a part of the division of the estate of the parties, these items:

W-1.    All debts, credit cards and other obligations solely in Petitioner's name.

W-2    The following debts, charges, liabilities, and obligations:

a.    All debts and obligations incurred by Petitioner after September 14, 2014    *KLH*

b.    The following community obligations - -

| | |
|---|---|
| 1. Wells Fargo Credit Card | $ 6,905.35 |
| 2. Citibank Credit Card | $ 6,900.00 |
| 3. Security Service FCU (payoff amount for KH's truck) | $ 43,126.70 |
| 4. Cane Grass Emergency Physicians | $ 417.00 |
| 5. Dimmit Regional Hospital | $ 3,501.22 |
| 6. 21st Mortgage (Carrizo Double Wide Mobile Home) | $ 83,300.00 |
| 7. Medina County Taxes | $ 822.78 |
| 8. San Antonio Board of Realtors | $ 400.00 |
| 9. Texas Rose Realty | $ 230.72 |

20

<u>Notice</u>

IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any claimed or potential liability of the other party.  Respondent DAVID S. SAB IS HEREBY ORDERED to secure from the records of ProSouth Construction, Inc. and provide to Petitioner KATHRYN LYNN HAWKINS-SAB within thirty (30) days of the entry of this decree a statement, W-2, 1099 or other appropriate confirmation of wages, earnings or distributions for tax years 2013, 2-14 and 2015 in order to permit Petitioner to file an individual tax return for such years.

David S. Sab's current street address is *Currently unknown* ~~Should~~ ~~such residence/street address remain unknown or change~~, David S. Sab is ORDERED to ~~file a~~ *deliver his street address and mailing address to Petitioner and* ~~change of address notice under this cause with the District Clerk of Dimmit County, Texas.~~ *Demetrio Duarte Jr at 2200 Warner, San Antonio, Tx 78201* within five (5) business days of Respondent knowing such information. *and within five days of the entry of this decree.*  *KLH*

<u>Previous Court Orders</u>

This order supercedes all prior orders of the Court.

<u>Name Change</u>

Petitioner's name is restored to KATHRYN LYNN HAWKINS.

## DIVISION OF UNDISCLOSED LIABILITIES

IT IS FURTHER ORDERED AND DECREED, as a part of the division of the estate of the parties, that any community liability not expressly assumed by a party under this decree is to be paid by the party incurring the liability and the party incurring the liability shall indemnify and hold the other party and his or her property harmless from any failure to so

21

discharge the liability. This Court further maintains jurisdiction over the parties and their community property for the purpose of dividing any assets which were not divided during the course of these proceedings.

COURT COSTS

IT IS ORDERED AND DECREED that all costs of court expended in this case are taxed against the party incurring the same.

SIGNED and ORDERED on April /5/4 2015.

_____
JUDGE PRESIDING

SUBMITTED BY:
Demetrio Duarte, Jr. And Associates, P.C.
2200 Warner
San Antonio, Texas 78201
(210) 737-6676
Fax: (210) 733-6181

Attorneys for Petitioner

By: _____
Demetrio Duarte, Jr.
State Bar No. 06144125

APPROVED:

_____          _____
Kathryn Lynn Hawkins, Petitioner           David S. Sab, Respondent

22

# EXHIBIT A

August 15, 2015

Dear Mr. Harvey Brinkman:

This letter confirms that the furniture in your Kerrville office consisting of a desk, two (2) office chairs, two (2) filing cabinets with personal documents, a cowhide couch, two (2) cowhide chairs, two (2) cowhide footstools and a printer/copier/fax belong to Kathryn Hawkins as confirmed by the District Court. The personal property and documents listed are not the property of ProSouth Construction, Inc. but are the sole and separate property of Kathryn Hawkins. These items should be returned to Kathryn Hawkins and I am requesting that you return these items to her.

Please contact Kathryn at (830) 285-9919 to set up a time that she may pick up the items listed above.

Sincerely,

David S. Sab

24

EXHIBIT B

The following property is awarded to Respondent David S. Sab, subject to any debt thereon and subject to the equitable lien imposed by the Court on such property *if any such property is not exempt*:

1. Mossberg 12 ga. 28-inch shotgun with duct tape

2. A. Rossi .410 ga. 541 SR031253

3. Ruger 7mm mag Rifle 771-20945

4. Remington Model 700 30.06 B6336293

5. Black Benelli .12 ga. U305541

6. .12 ga shotgun

7.

8.

9.

10.

11.

12.

*KLH*

25

EXHIBIT C

The following property is awarded to Petitioner Kathryn Lynn Hawkins-Sab subject to any debt and/or lien on such property. *Kathryn Lynn Hawkins- Sab is entitled to immediate possession of such property:*

1. *Horses "Peppy," Bob, Nitro and Hank*

2. *Blue 2002 Dodge truck with fuel tank in Carrizo Springs VIN 3B7MC33662M257710*

3. *2012 Dodge Truck (VIN: 3C63DRKLXCG160939 Lic BY29917)*

4. *1997 Dodge Truck (VIN: 3B7KC23DXVM588066 Lic BR77817*

5. *Air Compressor*

6. *Flatbed Bumper Pull Trailer (1991 Parker Haul Trailer)*

7. *Bobcat/Skid Steer Trailer*

8. *Skid Steer "Bobcat" with all attachments (auger, bucket, forks)*

9. *Generator For Trailer*

10. *Case Backhoe.*

11.

12.                                                                 *KLH*

26